IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:06CR00132 CDP |
| CHARLES WEISSINGER, | ) ) ) |
| Defendant. | ) |

**FIRST SUPPLEMENT TO DEFENDANT'S SEALED REPLY IN SUPPORT OF A REQUEST FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. §3582(C)(1)(A)**

Counsel for Mr. Weissinger has already filed his reply to the government's response in opposition to his compassionate release request. Mr. Weissinger recently provided additional information to counsel, and he requests the Court allow him to supplement his reply. The following is stated as to the supplemental information Mr. Weissinger requests the Court consider:

1. On June 24, 2020, counsel for Mr. Weissinger filed a reply to the government's response in opposition to Mr. Weissinger's request for compassionate release. (See Doc. #65). In the reply, Mr. Weissinger addresses and denies the government's assertion that Mr. Weissinger's petition for compassionate release is prefaced on fraud. In addressing the government's claim, Mr. Weissinger specifically addresses a claim the government makes regarding a statement contained in Mr. Weissinger's medical records. The statement at issue is one made by Mr. Weissinger to medical staff on March 26, 2019, and the statement is this: "I think I am getting out soon if my lawyer does things right." (See government's response, p. 9, citing government's Exh. 1 [Mr. Wiessinger's 2019 medical records]; p. 52 of 139).

2. In reply, counsel for Mr. Weissinger asserts the statement does not evidence his intent to trick the Court into granting a compassionate release based upon counterfeit health concerns. Counsel for Mr. Weissinger informs the Court the statement is Mr. Weissinger's honest

assessment of counsel's ability in light of the law and current legal environment as explained by counsel to Mr. Weissinger:

> "Mr. Wessinger isn't a fraud hoping to dupe the Court into believing he is scared the virus could corner him and irreparably damage him.  He is genuinely scared, and if his counsel does handle his petition correctly, she should be able to persuade the Court to grant his petition.  Counsel should be able to do so because even a provisional diagnosis of COPD is alarming for a man situated as Mr. Weissinger – a man who, but for technicalities related to filing a successive habeas corpus petition, should not even be incarcerated as an armed career criminal now." (See Def. reply, p. 3-4, Doc. #60).

3. Today, June 30, 2020, counsel had an opportunity to discuss the government's response and Mr. Weissinger's reply with Mr. Weissinger after Mr. Weissinger received both in the mail and had the opportunity to review the documents.  As pointed out by Mr. Weissinger to counsel, the March 26, 2019, statement highlighted by the government as evidence of Mr. Weissinger's fraudulent intent regarding a phony compassionate release claim was made *almost a year before* anyone had even heard of COVID-19.  The statement at issue was made in March of 2019 and not even close in time to when a national emergency was declared about the virus in March of 2020.

Mr. Weissinger reminded counsel what was occurring with his legal matter in March of 2019 when he made the highlighted statement to medical staff.  At the time the statement was made, Mr. Weissinger was commenting on the current state of his recent attempt to file for habeas corpus relief based on *Johnson v. United States* (2015).  (See Charles Weissinger v. United States, No. 18-2056 (8th Cir. 2018)).  In March of 2019, Mr. Weissinger and counsel were discussing the merits of filing a habeas petition, under the savings clause of 28 U.S.C. §2241, as a result of the Eighth Circuit Court of Appeals recent denial of his petition for permission to file a successive §2255 petition based on *Johnson* – a petition that was denied despite the government's no

opposition response.  (See *Charles Weissinger v. United States*, No. 18-2056 (8th Cir. 2018) "Response with no opposition" and "Judgment").  Once again, the statement was made as an expression of Mr. Weissinger's confidence in counsel and the merits of his case within the complicated landscape of reframing a failed request for permission to file a successive habeas corpus petition as a §2241 issue in the circuit in which Mr. Weissinger was incarcerated.

**Conclusion:**

This information is brought to the Court's attention to supplement Mr. Weissinger's previously filed reply as the government's claim of fraudulent intent on the part of Mr. Weissinger is serious.  A statement Mr. Weissinger made to medical staff in March of 2019 as an expression of confidence in the merits of his case regarding an alternate route to habeas corpus relief cannot be used as evidence of an intent to fake extraordinary and compelling reasons for a compassionate release due to a virus that no one had even heard of until almost a year later.

Respectfully submitted,

/s/Jennifer L. Booth
Jennifer L. Booth
Assistant Federal Public Defender
325 Broadway, 2nd Floor
Cape Girardeau, Missouri 63701
Telephone: (573) 339-0242
Fax: (573) 339-0305
E-mail: Jennifer_booth@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 30, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

                                       /s/Jennifer L. Booth
                                       Jennifer L. Booth